IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTONIO D. HOLT,
    Plaintiff,

vs.                                Case No.: 5:12cv214/MMP/EMT

N.W.F.R.C. ANNEX, et al.
    Defendants.

_____

**ORDER and REPORT AND RECOMMENDATION**

      This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on Plaintiff's civil rights complaint (doc. 1). Leave to proceed in forma pauperis was granted, and the initial partial filing fee has been paid (docs. 5 & 6). Upon review of Plaintiff's complaint, the court concludes that this case should be dismissed because Plaintiff has not stated and cannot state a plausible § 1983 claim against Defendants.

BACKGROUND AND PROCEDURAL HISTORY

      Plaintiff is an inmate of the Florida Department of Corrections currently incarcerated at Bay Correctional Facility (doc. 1 at 2), after having been convicted of trafficking in cocaine and driving with his license suspended or revoked.[1]  He names two Defendants in this action: food service supervisor B.N. Doss[2] and the Department of Corrections ("DOC") Medical Department at Northwest Florida Reception Center Annex ("NWFRC Annex"). Plaintiff alleges that he arrived at NWFRC Annex on February 6, 2012, at which time he advised the medical department of

---

    [1] *See* http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=55216123

    [2] Doss is identified on the first and fifth page of the complaint as "B.N. Doss" and on the second page as "D.N. Doss."

unspecified medical issues he had if he consumed onions (doc. 1 at 5). On February 14, 2012, when Plaintiff reported for dinner, he asked Defendant Doss whether the featured Spanish rice had onions in it. She told him that it did not. While eating his meal, Plaintiff's throat began to itch and swell. He looked through the rice and found bits of onions in it. Plaintiff advised the sergeant on duty that he was allergic to onions, and the sergeant gave him permission to talk to Doss again and let her know. When Plaintiff told Doss that the rice had onions in it, she again said that it did not. Plaintiff showed her the onion he had found and Doss told him that those were "just dehydrated onions" and told him to "write her up then," flashing her I.D. badge in Plaintiff's face (*id.*).

Plaintiff returned to his cell, and when he could not stop itching and had difficulty swallowing, he declared a medical emergency (doc. 1 at 5). Plaintiff was taken to the medical department where, he alleges, staff treated him with the medication he needed[3] (*id.* at 6). He complains neither about any delay in treatment nor the treatment he received. Six days later, on February 20, 2012, Plaintiff filed a grievance about the incident. He asserts that Doss "lied" during the grievance investigation process. As a result, both Plaintiff's initial grievance and his appeal were denied. He also complains that the medical department failed to put him on or provide a "special diet" either initially, when he arrived at NWFRC Annex and told them about his onion allergy, or after his accidental ingestion of onions. On the other hand, Plaintiff notes that when he was transferred to Bay Correctional Institution, they immediately put him on a "no onion diet" (*id.*).

In his statement of claims section of the complaint, where Plaintiff is directed to state what rights under the Constitution, laws, or treaties of the United States he claims have been violated, he states: "Fla. Constitution Article 28#," "Health Care Services," and "D.O.C. Medical Dept. N.W.F.R.C. Annex" (doc. 1 at 7). He seeks $75,000 for mental stress and physical injury due to Defendants' negligence, and he asks that Defendants be ordered to pay for unspecified future medical issues when he is released from the DOC (*id.*).

---

[3] One of the grievance responses attached to the complaint reflects that Plaintiff was treated with Benadryl and steroids (doc. 1 at 8).

Case No.: 5:12cv214/MMP/EMT

DISCUSSION

Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dismissals for failure to state a claim under 1915(e)(2)(B)(ii), which tracks the language of Fed. R. Civ. P. 12(b)(6), are governed by the same standard as that rule. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. *See* Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To state a claim, Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 569 n.14 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46)). A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of Plaintiff's complaint, the court concludes that Plaintiff has not presented an actionable claim and that sua sponte dismissal of this action is therefore warranted. Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

As an initial matter, the "Department of Corrections Medical, NWFRC Annex" is not a proper Defendant in this action. This Defendant, which is essentially a department, within an institution, within the DOC, is not a legal entity subject to suit. To the extent Plaintiff sues the DOC, an arm of the state of Florida, the defense of Eleventh Amendment immunity applies. Although, by its terms, the Eleventh Amendment does not bar suits against a state in federal court by its own citizens, the Supreme Court has extended its protections to apply in such cases. Abusaid v. Hillsborough County Bd. of County Com'rs, 405 F.3d 1298, 1303 (11th Cir. 2005) (citing Hans v. Louisiana, 134 U.S. 1 (1890); Manders v. Lee, 338 F.3d 1304, 1308 n.8 (11th Cir. 2003) (en banc)). Absent waiver or express congressional abrogation, the Eleventh Amendment prohibits a suit brought by a private individual against a state in federal court. *See* Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 765–78 (2002); Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); Gamble v. Florida Department of Heath and Rehabilitative Services, 779 F.2d 1509, 1511 (11th Cir. 1986). Thus, to the extent Plaintiff's complaint actually seeks to name the State of Florida (or an arm thereof) as a Defendant, it is subject to dismissal.[4]

Furthermore, the allegations of the complaint do not establish Plaintiff's entitlement to pursue monetary relief at this time. Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). Furthermore, in order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e)

---

[4] Similarly, to the extent Plaintiff may seek to hold the "medical department" or any other entity liable for alleged failings of individual employees, respondeat superior, without more, does not provide a basis for recovery under section 1983. Polk County v. Dodson, 454 U.S. 312 (1981).

with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, No. 3:96cv580/LAC/SMN, 2000 WL 297840, at *10 (N.D. Fla. Jan. 12, 2000). Accordingly, a prisoner may not bring an action for compensatory and punitive damages for mental or emotional injury absent a showing of more than de minimis physical injury.

In this case, Plaintiff alleges a single instance of an allergic reaction after he unknowingly consumed onions. While this exposure necessitated medical treatment, Plaintiff's own allegations reveal that upon his request he was promptly and properly treated with Benadryl and steroids, and Plaintiff has not alluded to any lingering after-effects related to this single incident. However, even if Plaintiff's allergic reaction could be deemed more than a "de minimis" physical injury (as will be discussed further below), he has not established that a constitutional violation, rather than mere negligence, led to the reaction in question. *See* Chavis v. Kienert, 2005 WL 2452150 (N.D. N.Y. Sept. 30, 2005).

Although Plaintiff has failed to identify any federal basis for his claim in the "Statement of Claims" section of his complaint, there are at least two possible theories; neither theory, however, provides a basis for relief under the facts of this case. First, to the extent Plaintiff claims an Eighth Amendment violation—deliberate indifference to a serious medical need[5]—he has failed to state a claim. A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999). To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003); Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious

---

[5] The court assumes, only for the sake of argument, that Plaintiff's need to avoid onions for fear of an allergic reaction is a "serious medical need."

need.  Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).  Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious need.  Farmer v. Brennan, 511 U.S. 825, 834 (1994); McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999); Campbell, 169 F.3d at 1363.  Third, as with any tort claim, he must show that the injury was caused by the defendant's wrongful conduct.  Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007) (citing Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995)).

      Here, nothing in the complaint suggests that Defendant Doss intentionally misinformed Plaintiff about the presence of onions in the Spanish rice that he consumed.  *See* Shirley v. Sternal, No. 09-1045-CIV-Martinez, 2010 WL 6020684, at *9 (S.D. Fla. Aug. 30, 2010) (poultry-allergic plaintiff failed to show that erroneous inclusion of eggs in two meals in a four-week period was anything more than negligence).  Plaintiff's own description of the event suggests that Doss did not realize that there were onions in the rice.  And, nothing in the complaint indicates that Doss knew or should have known that Plaintiff had an onion allergy, and that with such knowledge she either intentionally misinformed him about the presence of onions in the rice or was deliberately indifferent in her response to his inquiry.[6]  Thus, Plaintiff has not established an Eighth Amendment violation with respect to Doss's conduct.

      Finally, Plaintiff's complaint could arguably be construed as implicating Due Process concerns.  However, even assuming again for the sake of argument that some compensable "injury" resulted from Plaintiff's ingestion of onions, the facts of the complaint do not establish a Due Process violation.  The Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing *unintended* injury to life, liberty, or property.  Davidson v. Cannon, 474 U.S. 344, 347 (1986).  Negligence is not enough.  *Id.*  As set forth above, there are simply no allegations in the complaint that would support a conclusion that Defendant Doss, or any other individual, was any more than negligent in failing to monitor Plaintiff's diet.

---

[6] Plaintiff's advising the medical department that he has "medical issues . . . dealing with onions" (doc. 1 at 5), did not put Defendant Doss on notice of his "issues."  Likewise, Plaintiff's question to Doss about whether the rice had onions in it, does not establish that she had knowledge of Plaintiff's onion-related medical issues, as his question could have been motivated merely by Plaintiff's distaste for onions or personal preference for a dish without onions.

Case No.: 5:12cv214/MMP/EMT

In sum, this is not a case where Defendants failed to address Plaintiff's allergy in such a way that nutritional deprivation allegedly resulted, *see* Shirley, 2010 WL 6020684, at *1; where Plaintiff was provided no option other than to eat food to which he claimed to be allergic, *see* Brooks v. James, No. 2:10–2010–MJP–BHH, 2011 WL 1630903, at *1–*2 (D.S.C. April 7, 2011); or where Plaintiff was denied treatment for his allergic reaction, *see* Green v. Padula, No. C/A 8:06-306-GRA-BHH, 2007 WL 2493563, at *2 (D.S.C. Aug. 29, 2007); Dalton v. Ozmint, No. C/A 8:09-260-CMC-BHH, 2009 WL 2588492, at *2 (D. S.C. Aug. 19, 2009).  It is simply an unfortunate situation where, although Plaintiff made at least some inquiry on his own behalf, it was Defendant's lack of knowledge about what was in the food served that resulted in the short-lived allergic reaction described in the complaint.  This situation simply does not rise to the level of stating a viable constitutional claim.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."  Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).  In this case, the court concludes that amendment would be futile; therefore, the Court may dismiss this case without providing opportunity for amendment.[7]

As Plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that Plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is **ORDERED:**

Plaintiff's motion for appointment of counsel (doc. 3) is **DENIED**.

And it is respectfully **RECOMMENDED**:

---

[7]   The court notes that appointment of counsel has been requested.  However, appointment of counsel is not warranted in this case.  *See* Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987).

Case No.: 5:12cv214/MMP/EMT

That this cause be **DISMISSED without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 14th day of August 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 5:12cv214/MMP/EMT